10-1596-cv
Robischung-Walsh v. Nassau Cnty. Police Dep't

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of  April, two thousand eleven.

Present:
        DENNIS JACOBS,
                *Chief Judge*,
        PIERRE N. LEVAL,
        ROBERT A. KATZMANN,
                *Circuit Judges*.

_____

TRACEY ROBISCHUNG-WALSH, as the Executrix
of the Estate of Dennis T. Walsh,

        *Plaintiff-Appellant*,

                v.                                                No. 10-1596-cv

NASSAU COUNTY POLICE DEPARTMENT, COUNTY
OF NASSAU, LAWRENCE MULVEY, Police Commissioner,
JAMES LAWRENCE, Former Police Commissioner,
individually and in their official capacities,

        *Defendants-Appellees*.[*]

_____

---

        [*] The Clerk of Court is directed to amend the caption as set forth above.

For Plaintiff-Appellant: RICK OSTROVE, Leeds Morelli & Brown, P.C., Carle Place, N.Y.

For Defendants-Appellees: JACKIE L. GROSS, Deputy County Attorney (Nazneen Malik, *on the brief*), *for* John Ciampoli, Nassau County Attorney, Mineola, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tracey Robischung-Walsh ("plaintiff"), in her capacity as executrix of the estate of her late husband, Dennis T. Walsh ("Walsh"), appeals from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*) dismissing her complaint. Plaintiff brought suit under 42 U.S.C. § 1983 after Walsh, who joined the Nassau County Police Department ("NCPD") in 1990 as a police officer and was eventually promoted to the position of Detective Lieutenant, committed suicide in 2006. Plaintiff avers that Walsh took his life as a result of undiagnosed cumulative post-traumatic stress disorder ("CPTSD"). She further alleges that the NCPD and other defendants exhibited deliberate indifference toward Walsh by failing to train him and other NCPD officers on suicide prevention, suicide risk assessment, or the effects of CPTSD. We presume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

"We review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). "We consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Id.*

2

Where, as here, a plaintiff brings a § 1983 claim against a county, "proper analysis requires us to separate two different issues . . . : (1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the [county] is responsible for that violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In the opinion below, the district court focused primarily on plaintiff's allegations regarding the defendants' responsibility for what it assumed was a violation of Walsh's constitutional rights, and determined that those allegations were implausible or otherwise lacking. For the following reasons, we affirm on the basis that plaintiff has failed to state a claim that Walsh's suicide involved a violation of his constitutional rights.

Plaintiff's complaint asserts that the defendants violated rights guaranteed to Walsh under the Due Process Clause of the Fourteenth Amendment. In particular, plaintiff relies on the "substantive component" of the Due Process Clause, which "protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'" *Id.* at 125 (quoting *Daniels v. Williams,* 474 U.S. 327, 331 (1986)). As a general matter, the Due Process Clause has not been construed as "a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). However, we have recognized that in certain "exceptional circumstances" a state actor may be under an affirmative constitutional obligation to protect an individual, "either because of a special relationship with an individual, or because the governmental entity itself has created or increased the danger to the individual." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 533 (2d Cir. 1993) (citation omitted).

We are unpersuaded that plaintiff's claim involves circumstances of the sort that can serve as a basis for substantive due process liability. First, we decline to hold that the

3

relationship between Walsh and the NCPD was a "special relationship" as that term is defined by our precedents. "Our own opinions have . . . focused on involuntary custody as the linchpin of any special relationship exception." *Matican v. City of New York*, 524 F.3d 151, 156 (2d Cir. 2008). Here, "[plaintiff] cannot maintain . . . that the [county] deprived [Walsh] of his liberty when it made, and he voluntarily accepted, an offer of employment." *Collins*, 503 U.S. at 128. Substantive due process does not support constitutional liability for claims based solely on a governmental entity's alleged failure "to provide its employees with a safe working environment." *Id.* at 126.

Plaintiff's attempt to fit her claim within the "state-created danger" exception fares no better. Our cases recognizing this theory of liability involve scenarios where, unlike here, "a government official takes an *affirmative act* that creates an opportunity for a third party to harm a victim (or increases the risk of such harm)." *Lombardi v. Whitman*, 485 F.3d 73, 80 (2d Cir. 2007) (emphasis added); *see also Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 429 (2d Cir. 2009) ("The *affirmative conduct* of a government official may give rise to an actionable due process violation if it communicates, explicitly or implicitly, official sanction of private violence." (emphasis added)). "It is not enough to allege that a government actor failed to protect an individual from a known danger of bodily harm or failed to warn the individual of that danger." *Lombardi*, 485 F.3d at 79. Plaintiff's complaint is devoid of any allegations of affirmative, risk-creating acts by the defendants beyond the mere facts of Walsh's continued employment with and promotions by the NCPD. For the reasons stated above, the relationship between a government employer and its employee does not give rise to a constitutional obligation to protect the employee from a known risk of harm.

Even assuming *arguendo* that plaintiff sufficiently pleaded a special relationship or state-

4

created danger, her substantive due process claim is deficient for the independent reason that it lacks allegations of conscience-shocking conduct. *See Okin*, 577 F.3d at 431 ("To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998))). While the alleged deliberate indifference of state actors may in some circumstances rise to a conscience-shocking level, this ordinarily is not so when the defendants are "subject to the pull of competing obligations." *Lombardi*, 485 F.3d at 83. In particular, a substantive due process claim based on a municipal defendant's asserted failure to train its employees or warn them of job-related dangers does not allege conduct so arbitrary that it violates the right to substantive due process. *See Collins*, 503 U.S. at 128; *see also id.* at 128-29 ("Decisions concerning the allocation of resources to individual programs . . . and to particular aspects of those programs, such as the training and compensation of employees, involve a host of policy choices that must be made by locally elected representatives, rather than by federal judges interpreting the basic charter of Government for the entire country.").

Here, plaintiff's complaint acknowledges that Walsh received training regarding CPTSD and suicide prevention during his time at the Nassau County Police Academy and that he underwent a psychological examination upon applying to the NCPD. While plaintiff asserts that this training was inadequate and that further training would have mitigated the risks of officer suicide, she does not allege that the defendants recognized the inadequacy and wantonly withheld adequate advice or training. Her claims do not sustain a substantive due process violation, as the defendants' decisions regarding the extent of such training necessarily involved the balancing of competing concerns and the allocation of limited resources. Although

5

plaintiff's wish that the NCPD had done more to prevent Walsh's suicide is understandable, her allegations of deficiencies in the department's training program do not describe government behavior that is "arbitrary, conscience-shocking, or oppressive in a constitutional sense." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995).

For the foregoing reasons, we conclude that plaintiff's complaint fails to plead a violation of Walsh's substantive due process rights, and therefore have no need to address the defendants' responsibility for the alleged violation. Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK